UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR LAROCQUE,<br><br>  Plaintiff,<br><br>  v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>  Defendant. | Case No.  5:25-cv-02522-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 22 |

After defendant Life Insurance Company of North America (LINA) denied plaintiff Trevor LaRocque's claim for long term disability (LTD) benefits, LaRocque filed this lawsuit asserting state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing and, in the alternative, a claim for benefits under the Employee Retirement Income Security Act of 1974 (ERISA). LINA moves to dismiss the state law claims pursuant to Rule 12(b)(6). For the following reasons, the motion is granted.

## BACKGROUND

LaRocque, a certified public account, is a partner and equity owner at PricewaterhouseCoopers LLP (PwC). He was provided long term disability coverage through a group disability insurance policy, the Partner Long Term Disability Plan ("the Policy"), which LINA issued to the Trustee of the Group Insurance Trust for Employers in the Service Industry, under which PwC is a subscriber. The Policy provides LTD coverage solely to "U.S. firm Partners and Principals." PwC also provides various benefits, including disability benefits, to its employees through the PricewaterhouseCoopers LLP Health & Welfare Benefits Plan ("the Plan").

In February 2023, LaRocque took medical leave because he was unable to perform his job due to the effects of long-haul COVID. He submitted a claim for benefits to LINA, which LINA

denied.

LaRocque alleges that LINA's denial of his claim constituted a breach of contract and a breach of the implied covenant of good faith and fair dealing. After LINA moved to dismiss those claims on the ground that they are preempted by ERISA, LaRocque filed an amended complaint asserting the same state law claims while also asserting in the alternative a claim for benefits under ERISA. LINA now moves to dismiss the state law claims, contending again that they are preempted by ERISA.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint fails to state a claim, the defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**ANALYSIS**

LINA argues that LaRocque's state law claims are preempted by ERISA. It contends that the Policy through which LaRocque received LTD coverage at the time his claims accrued was a component of the Plan, which is governed by ERISA. LaRocque maintains that the Policy is separate from the Plan and is not governed by ERISA because it covers only partners, not employees.

ERISA applies to "employee benefit plan[s]." 29 U.S.C. § 1003(a). "An ERISA 'employee welfare benefit plan' is (1) a plan, fund or program, (2) established or maintained by an employer through the purchase of insurance or otherwise, (3) for the purpose of providing … benefits (4) to its participants or their beneficiaries." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 907 (9th Cir. 2001); *see* 29 U.S.C. § 1002(1). A plan is not an "employee benefit plan" subject to ERISA—an ERISA plan—if its participants do not include any employees. 29 C.F.R. § 2510.3-3(b) ("[T]he term 'employee benefit plan' shall not include any plan, fund or program . . . under which no employees are participants covered under the plan."). Business owners are not considered employees in determining whether a plan is an ERISA plan. 29 C.F.R. § 2510.3–3(c)(1), (c)(2); *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 21 n.6 (2004) ("[I]f a benefit plan covers only working owners, it is not covered by [ERISA]."); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 264 (9th Cir. 1991) ("[A] plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA."). However, an insurance policy covering only owners or partners is governed by ERISA if it is a *component* of a broader employee benefit program that, taken as a whole, constitutes an ERISA plan. *See Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 407 (9th Cir. 1995).

The parties do not dispute that LaRocque's state law claims are preempted by ERISA if the Policy is an employee benefit plan subject to ERISA. They also do not dispute that the Policy covers only owners of PwC and therefore is not subject to ERISA standing alone. Likewise, the parties do not dispute that the Plan is an ERISA plan. The question presented by LINA's motion is whether the Policy is a standalone plan not subject to ERISA or a component of the Plan and therefore subject to ERISA. While the existence of an ERISA plan is ordinarily a question of fact,

because the relevant facts are undisputed here, the only question presented is the legal question of whether, under those undisputed facts, the Policy is part of the Plan and thus governed by ERISA.

The Policy was originally issued in 1995. LINA does not argue or present any judicially noticeable evidence showing that at the time the Policy was issued it was part of an ERISA plan. LINA argues, however, that the Policy was part of an ERISA plan at the time that LaRocque's claim accrued. LINA points to two documents dated from 2022 and 2023, both entitled "Amendment to the PricewaterhouseCoopers LLP Employee Welfare Benefit Plans," which refer to the Partner Long-Term Disability Plan (the Policy), as a "component of" the PricewaterhouseCoopers LLP Employee Welfare Benefit Plan (the Plan).[1] While certain facts about those documents are disputed—LaRocque understands them to purport to integrate the Policy and other welfare benefit plans into a single ERISA plan, while LINA claims that they merely describe a single ERISA plan that was in existence prior to the documents' issuance—it is clear that the Amendment documents present the Policy as part of the Plan. Accordingly, by at least 2022, PwC intended for the Policy to be part of the Plan.

Existing precedents do not address whether an employer's intent to integrate a non-ERISA plan into a broader ERISA plan is sufficient to subject the non-ERISA plan to the requirements and preemptive effect of ERISA. In *Peterson v. American Life & Health Insurance Company*, 48 F.3d 404 (9th Cir. 1995), for example, the Ninth Circuit held that an insurance policy covering only owners may nonetheless be subject to ERISA if it is "just one component of [an] employee benefit program and that … program, taken as a whole, constitutes an ERISA plan." *Id.* at 407. The court held that an ERISA plan did not cease being an ERISA plan simply because the employees that it originally covered had departed and company owners were the only remaining

---

[1] On a motion to dismiss pursuant to Rule 12(b)(6), the Court generally "may not consider material outside the pleadings." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). But the doctrine of incorporation by reference permits the Court to treat an extrinsic document as if it were part of the complaint if the pleading "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002 (cleaned up). The Amendment documents are incorporated by reference because LaRocque's claim concerns the denial of benefits under his PwC LTD insurance policy and the Amendment documents set forth the PwC benefits plan. *See United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ("The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan.").

4

1  participants in the plan. Because the question was not presented, *Peterson* did not address whether
2  a policy that originally covered only owners and was not subject to ERISA could subsequently
3  become a component of a program that, taken as a whole, constitutes an ERISA plan.

4      In the other most potentially relevant case, *LaVenture v. Prudential Insurance Company of
5  America*, 237 F.3d 1042 (9th Cir. 2001), the Ninth Circuit held that "a benefit plan that
6  commenced as a non-ERISA plan is not converted into an ERISA plan simply because the
7  employer sponsors a separate benefits plan subject to ERISA." *Id.* at 1046. In that case, the owners
8  of a company purchased a disability insurance policy for themselves. When the company later
9  hired its first full-time employees, the company purchased a health insurance policy for them but
10 not a disability insurance policy. The Ninth Circuit held that the owners' disability insurance
11 policy did not automatically become an ERISA plan simply because the company had purchased
12 an ERISA-governed health insurance policy for its employees. In doing so, the Ninth Circuit
13 emphasized that there was no evidence "that the disability policy and health plan were intertwined
14 so as to constitute one overall benefit plan" and that there was no evidence that the company had
15 intended for the plans to constitute a single integrated ERISA plan. *Id.* at 1047. Here, by contrast,
16 the Amendment documents demonstrate just such an intent.

17     Four considerations lead the Court to conclude that where, as here, an employer integrates
18 a pre-existing non-ERISA policy into a broader ERISA-governed plan, the non-ERISA policy
19 becomes a part of the ERISA plan and is subject to the requirements and preemptive effect of
20 ERISA. First, the statutory definition of "employee welfare benefit plan" includes any plan
21 "established *or maintained*" by an employer. 29 U.S.C. § 1002(1). By considering not only the
22 purpose for which a plan was established but also the purpose for which it was maintained, this
23 statutory language suggests that whether a policy is governed by ERISA should not be determined
24 solely by the circumstances of its creation. Second, as noted above, *LaVenture* emphasized the
25 absence of evidence of the company's intent for the plans at issue in that case to constitute a single
26 integrated plan. If intent were irrelevant to determining whether ERISA governed the plans, it is
27 unclear why the Ninth Circuit referenced its absence. While intent alone is not dispositive,
28 LaRocque does not contend that the Plan lacks any of the other elements required to constitute an

ERISA plan. Third, *LaVenture* underscored the complete lack of relationship between the two plans. 237 F.3d at 1047. It indicated that the "intertwine[ment]" of benefits policies, such as that evidenced by the Amendment documents, could suggest that they constitute a single overall benefit plan. *Id.* Fourth, and finally, a rule that the circumstances at the time of a policy's establishment are dispositive could be easily circumvented by employers seeking to create a single integrated ERISA-governed plan for employees and non-employees. In this case, for example, LINA could simply have allowed its older Policy to lapse and then purchased a new LTD policy for its partners that was part of the Plan from the time of its establishment. It is hard to see why employers should be required to undertake such a step to effectuate their intent to create a single integrated ERISA plan.

As noted already, the allegations of the amended complaint and Plan documents properly incorporated therein establish that, by at least 2022, PwC had documented its intent to offer employee and non-employee welfare benefits, including the Policy benefits at issue here, under a single integrated Plan. Under those circumstances, the Policy must be considered to have been a part of the Plan by the time LaRocque's claim for benefits arose. As a result, his claim is governed by ERISA and his state law claims are preempted.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. LaRocque's claims for breach of contract and breach of the covenant of good faith and fair dealing are dismissed with prejudice and without leave to amend.[2]

**IT IS SO ORDERED.**

Dated: September 8, 2025

P. Casey Pitts
United States District Judge

---

[2] The parties' briefing on LINA's motion contained relatively little analysis of the core legal question addressed herein. For that reason, and pursuant to Civil Local Rule 7-9(a), the Court grants LaRocque leave to file a motion for reconsideration to the extent he is able to identify other precedents or caselaw suggesting that if an employer intentionally integrates a non-ERISA policy into an ERISA plan, the former nonetheless remains outside ERISA's coverage.